# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-60482
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

April 10, 2025

Lyle W. Cayce
Clerk

Abdou Ndiaye,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A241 420 198

———————————————

Before Barksdale, Haynes, and Wilson, *Circuit Judges*.

Per Curiam:[*]

　　Abdou Ndiaye, a native and citizen of Senegal, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal from the immigration judge's (IJ's) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Our court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence; its legal conclusions, *de novo*. *Id.* Findings of fact, including an applicant's eligibility for asylum and withholding of removal, are reviewed under the substantial-evidence standard. *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Additionally, credibility determinations are reviewed under the substantial-evidence standard. *E.g.*, *Avelar-Oliva v. Barr*, 954 F.3d 757, 763 (5th Cir. 2020). Under this standard, our court will not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *E.g.*, *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018) (emphasis in original) (citation omitted).

The BIA affirmed the IJ's adverse-credibility determination based on numerous inconsistencies in the record, which Ndiaye challenges by contending he gave plausible explanations for the inconsistencies. The BIA, however, is not bound to accept his explanations for them. *E.g.*, *Arulnanthy v. Garland*, 17 F.4th 586, 594 (5th Cir. 2021). Additionally, the BIA's upholding the adverse-credibility determination is grounded in "specific and cogent reasons derived from the record", *Avelar-Oliva*, 954 F.3d at 764 (citation omitted), and Ndiaye has provided no evidence *compelling* a contrary conclusion. *E.g.*, *Revencu*, 895 F.3d at 401. Accordingly, he has not met the substantial-evidence standard; and, therefore, the adverse-credibility determination suffices to deny his asylum and withholding-of-removal claims. *E.g.*, *Arulnanthy*, 17 F.4th at 597 (adverse-credibility determination forecloses asylum application); *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006) ("failure to establish eligibility for asylum is dispositive of claims for withholding of removal").

Ndiaye fails to brief, and therefore abandons, any challenge to: the BIA's conclusion that he waived any contention he may have had to the IJ's

determinations concerning past persecution, relocation, and torture by failing to challenge them; and the underlying question of whether he made those showings. *See Lopez-Perez v. Garland*, 35 F.4th 953, 957 n.1 (5th Cir. 2022). And, because these are essential elements of claims for asylum, withholding, and CAT relief, *Jaco v. Garland*, 24 F.4th 395, 401, 406–07 (5th Cir. 2021), he shows no error in connection with the BIA's rejection of these claims and concomitant dismissal of his appeal. *E.g.*, *Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693–94 (5th Cir. 2023) ("[C]ourts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach".).

Finally, he also fails to brief, and therefore abandons, his contentions concerning: bias; due process; advice concerning his right to counsel; and his motion to remand for consideration of new evidence. *See Lopez-Perez*, 35 F.4th at 957 n.1.

DENIED.